UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| LARRY EUGENE GEORGE, )<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Petitioner,　　　)<br>　　vs.　　　　　　　　　　　　　　　　　　　　)　　　2:05-cv-168-RLY-WGH<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>MARK A. BEZY, Warden,　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　Respondent.　　　)| |

**E N T R Y**

**I.**

The petitioner's request to proceed *in forma pauperis* is **denied,** because he has sufficient funds in his inmate account to pay the $5.00 filing fee for this action. He shall have **through August 18, 2005,** in which to do so.

**II.**

Petitioner George is confined within the Southern District of Indiana serving the executed portion of a sentence imposed on September 25, 1998, by the United States District Court for the Northern District of Texas. George seeks habeas corpus relief contending that the trial court and/or the Federal Bureau of Prisons has wrongfully imposed or caused him to serve his federal sentence consecutive to a subsequently imposed sentence from a Texas state court. He is entitled to a writ of habeas corpus pursuant to 28 U.S.C. § 2241(c)(3) if he shows that he is "in custody in violation of the Constitution or laws or treaties of the United States."

In the Fifth Circuit, where George was sentenced, the law is that a sentencing court may make the federal sentence run either concurrently or consecutively to a yet to be imposed but anticipated state sentence. *United States v. Brown,* 920 F.2d 1212, 1217 (5th Cir. 1991). This position is in accord with the rule in some circuits, *e.g., United States v. Williams,* 46 F.3d 57, 59 (10th Cir. 1995); *United States v. Ballard,* 6 F.3d 1502, 1510 (11th Cir. 1993), although other circuits take a contrary position, *e.g., Romandine v. United States,* 206 F.3d 731, 738 (7th Cir. 2000) (holding federal court lacks authority); *United States v. Quintero,* 157 F.3d 1038, 1039 (6th Cir. 1998) (holding federal court lacks authority). This split of authority is of no consequence here. George has supplied a copy

of the Judgment issued by the federal court in Texas and that Judgment does not contain a direction that the sentence be served consecutive to any other sentence, federal or state, extant or future. The effect of the sentencing sequence which George's habeas petition documents is to require that the federal sentence be served consecutive to the state sentence, inasmuch as George was returned to state custody after the imposition of the sentence in the federal case. It is true that federal law requires that a defendant be given credit for qualifying prior custody as long as the prior custody "has not been credited against another sentence." 18 U.S.C. § 3585(b). It is not contended, however, that George did not receive credit for his state sentences for this disputed period of time. The statute just quoted "forbids . . . giving credit for pre-sentence custody when that credit has been applied against another sentence." *United States v. Ross,* 219 F.3d 592, 594 (7th Cir. 2000); see also *Chambers v. Holland,* 920 F.Supp. 618, 623 (M.D.Pa.) ("Section 3585 does not permit credit on a federal sentence for time served and credited against another sentence."), aff'd, 100 F.3d 946 (3d Cir. 1996) (table); *United States v. Labeille-Soto,* 163 F.3d 93, 99 (2d Cir. 1998) (noting that a defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence); *United States v. Kramer,* 12 F.3d 130, 132 (8th Cir. 1993) (holding that the BOP "properly decided not to award [the petitioner] credit for the time served, as it would have contravened the proscription in 18 U.S.C. § 3585(b) against double crediting"; court explained that "[t]he record shows that [the petitioner] received credit toward his state sentence for that same time period"); *United States v. Dennis,* 926 F.2d 768, 769 (8th Cir. 1991) (reaching same conclusion); *Arashi v. United States,* 1995 WL 453308, at *10 n.3 (S.D.N.Y. July 31, 1995) (noting that section 3585(b), the successor statute to section 3568, states explicitly that an individual can receive jail time credit only for time spent in custody "that has not been credited against another sentence"); cf. *United States v. Wilson,* 112 S. Ct. 1351, 1355-56 (1992) (explaining that with the enactment of section 3585(b) in place of section 3568, "Congress made it clear that a defendant could not receive a double credit for his detention time"). George's allegation that the trial court has stated, through a letter written by a probation officer, that it was the sentencing judge's intention that the federal sentence and a subsequently imposed state sentence– *if* such a state sentence was imposed– be served consecutively, does not change the terms of the Judgment, but merely shows that the operation of law also operated to serve the sentencing judge's intent. This is what would be expected of the terms of a sentence, *Romandine,* 206 F.3d at 737-38 ("sentences may well run consecutively by force of law; indeed, the subject may simply be out of the judge's hands. The final sentence of § 3584(a) reads: 'Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.' A judge cannot make his sentence concurrent to nonexistent sentences that some other tribunal may or may not impose; thus the sentence is automatically consecutive."), and does not render that sentence subject to a collateral challenge such as presented in this case.[1]

---

[1] Although the United States Attorney General had the discretion to designate the Texas prison as a place where George was serving his federal sentence, see *Jake v. Herschberger,* 173 F.3d 1059, 1061 (7th Cir. 1999); *Montos v. United States,* 261 F.2d 39, 40 (7th Cir. 1958), George was not entitled to have such a designation made. *Barden v. Keohane,* 921 F.2d 476, 478 (3rd Cir. 1990). Instead, 18 U.S.C. § 3585(a) provides that a federal sentence "commences" when the defendant is received for transportation to or arrives at "the official detention facility at which the sentence is to be served."

      The dispositive points concerning George's petition are: (1) the precise language of the Judgment pursuant to which he was committed to federal custody, which is not in doubt and which is not ambiguous; (2) the absence of a claim that he was not given credit toward service of the Texas state sentence imposed after the federal sentence; (3) the rule specifying when service of a federal sentence commences; and (4) the absence of either a designation by federal authorities that the Texas state prison is a place where George would be serving his federal sentence or George's entitlement to such a designation. George has not alleged that the execution of his federal sentence, with respect to the calculation thereof, is in any way other than that directed by the sentencing court, and hence his claim that he is entitled to a writ of habeas corpus fails. *See Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991) ("petitioner generally bears the burden of proof throughout the habeas proceeding"). His petition is **denied,** and judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED.**


Date: _____