UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

LARRY EUGENE GEORGE,                )
                                    )
                    Petitioner,     )
        vs.                         )       2:05-cv-168-RLY-WGH
                                    )
MARK A. BEZY, Warden,               )
                                    )
                    Respondent.     )

**Entry Discussing Motion to Re-open Habeas Judgment**

This action for a writ of habeas corpus was dismissed through the Entry and Judgment entered on the clerk's docket on July 20, 2005. The essence of the court's decision was summarized in the following language:

> The dispositive points concerning George's petition are: (1) the precise language of the Judgment pursuant to which he was committed to federal custody, which is not in doubt and which is not ambiguous; (2) the absence of a claim that he was not given credit toward service of the Texas state sentence imposed after the federal sentence; (3) the rule specifying when service of a federal sentence commences; and (4) the absence of either a designation by federal authorities that the Texas state prison is a place where George would be serving his federal sentence or George's entitlement to such a designation. George has not alleged that the execution of his federal sentence, with respect to the calculation thereof, is in any way other than that directed by the sentencing court, and hence his claim that he is entitled to a writ of habeas corpus fails. *See Polizzi v. United States*, 926 F.2d 1311, 1321 (2d Cir. 1991) ("petitioner generally bears the burden of proof throughout the habeas proceeding"). . . .

There was no appeal filed from this disposition, but on February 23, 2006, petitioner George filed a motion to re-open the decision based on his mistake and based on what he has described as newly discovered evidence. George's post-judgment motion was both signed by George and filed with the clerk more than ten (10) working days after the entry of Judgment on the clerk's docket. The motion is thus treated as a motion for relief from judgment pursuant to Rule 60(b). *See United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992) ("substantive motions to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b).").

"A Rule 60(b) motion permits relief from judgment [only] when it is based on one of six specific grounds listed in the rule." *Talano v. Northwestern Med. Faculty Found.,* 273 F.3d 757, 762 (7th Cir. 2001). A motion for relief from judgment pursuant to 60(b) permits a party to seek relief from judgment on the grounds of mistake, inadvertence, excusable neglect, newly discovered evidence, and fraud. *American Federation of Grain Millers, Local 24 v. Cargill Inc.,* 15 F.3d 726, 728 (7th Cir. 1994). As already noted, George's post-judgment motion relies on the Rule 60(b) factors of both "mistake" and newly discovered evidence.

"[T]he 'mistake' provision in Rule 60(b)(1) provides for the reconsideration of judgments only where: (1) a party has made an excusable litigation mistake . . . ." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 576 (10th Cir. 1996). The "mistake" highlighted by George in his post-judgment motion is described on page 7 of that motion and consists of a different version of facts regarding the manner in which he was turned over to federal custody from the State of Texas in April 1998 than what was stated or presumed in his original habeas petition. Neither this factual matter nor the legal effect of the manner in which federal authorities acquired custody of George constitute the type of "mistake" which can support relief under Rule 60(b). On the contrary, in the former sense George may simply have been misinformed, while in the latter sense an argument of legal error is not a valid basis for relief pursuant to Rule 60(b)--in fact is a forbidden ground. *See Marques v. FRB,* 286 F.3d 1014, 1018-19 (7th Cir. 2002).

For the court to grant relief based upon newly discovered evidence under Rule 60(b)(2), a movant must meet a five-part test: (1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result. *Jones v. Lincoln Elec. Co.,* 188 F.3d 709, 732 (7th Cir. 1999). At least two of these five factors are absent with respect to George's post-judgment motion. The first of these factors is that the information heralded in the motion seems to have been fully available to George for years; the fact that he did not uncover it until after a decision was issued in this case is no indication at all that he was able to do so previously. The second of the necessary factors which is absent with respect to the post-judgment motion is the requirement that the asserted new evidence be material and be such that a new trial would probably produce a new result. This is not the case here, which is evident from the fact that Texas lodged a detainer with federal authorities after releasing George to them in April 1998–and nothing in this could reasonably be understood as indicating the intent of Texas to unconditionally release George from state custody in April 1998 when he was placed in federal custody. Even the premise of the post-judgment motion is in doubt, moreover, through Exhibit No. 17 to that motion. Exhibit No. 17 is a letter from the Probation Office of the sentencing court confirming, rather than refuting, that George was taken into federal custody "on a writ." This implied the temporary custody from Texas authorities which was an implicit portion of the original habeas petition and which has been consistent with the manner in which his state and federal sentences have been computed.

"Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances." *Karraker v. Rent-A-Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (quotation omitted). No such circumstances have been presented here. Accordingly, the motion for relief from judgment is **denied.**

**IT IS SO ORDERED.**

Date: 03/02/2006

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Larry Eugene George
REG NO 30307-077
United States Penitentiary
PO Box 12015
Terre Haute, IN 47801